IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
OCT 13 2017

JACOB HOLSTON, #66601-051
JAVIER TORRES, #37592-051

v.                           CIVIL ACTION NO: Unknown

3:17-CV-1877

UNITED STATES OF AMERICA, /

FEDERAL TORT CLAIMS ACT UNDER 28 U.S.C. § 2676-79

---

1. Jacob Holston, and Javier Torres, currently resides at USP U.S.P. Beaumont, P.O. Box 26030, Beaumont, Texas 77720-6030. The plaintiff's are acting in pro se capacity and request that their claims be construed liberally under Haines v. Kerner, 404 U.S. 519, 520 (1972)

### INTRODUCTION

2. This civil action is being filed in compliance with the Federal Tort Claims Act 28 U.S.C. § 2676-79. Before this act was federally created agency's could be sued for it's tortd if Congress had given the agency power to "sue and be sued". Under the FTCA, however,

> [t]he authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 28 U.S.C. A. § 1346(b)

(1)

Instead, the remedies provided by the FTCA are the exclusive remedy for claims that are cognizable under 28 U.S.C.A.§ 1346(b), which grants the federal district court jurisdiction over tort claims against the United States.

Under 28 U.S.C.A.§ 2679(a), the statutory authority of a federal agency to be sued does not permit a tort suit directly against the agency if the suit is based on conduct covered under the FTCA. Instead the United States must be named as the defendant. Moreover, the authority of a federal agency to sue or be sued in its own name does not constitute a waiver of the government's sovereign immunity separate and apart from the provision of the FTCA, and unless some other Act provides a waiver of sovereign immunity, a federal agency may not be sued in tort even if the action is based on a tort that is not covered by the FTCA. The effect of 28 U.S.C.A.§ 2679(a) is that tort actions against suable federal agencies are placed on the same footing as actions against agencies that do not have the power to sue or be sued.

3. The FTCA was amended in 1988 to provide that the remedy against the United States under the FTCA "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action." This provision was intended to substitute the United States as the only permissible defendant in all common-law tort actions against federal employees who were acting in the scope of employment. The amendment also provides that "[a]ny other civil action or proceeding for money damages arising

out of or relating to the same subject matter against employee or the employee's estate is precluded without regard to when the act or omission occurred.

4. Under 28 U.S.C. A. § 2679(b)(1), a tort action against a federal employee who was acting within the scope of his or her employment must proceed exclusively against the United States under the Federal Tort Claim Act, even if this procedure leaves the plaintiff without a remedy. The plaintiff may be left without any remedy, for example, when the claim is based on acts for which the United States may not be sued under the FTCA, or when the FTCA claim is barrer by the statute of limitations.

## JURISDICTION

5. This action is being brought pursuant to the Federal Tort Claims Act under Titles 28 U.S.C. §§ 2671 thru 2679.

## FACTS

6. The plaintiff's listed above is currently residing at U.S.P. Beaumont, P.O. Box 26030, Beaumont, Texas 77720-6030. Each of the plaintiff's have individually filed [i.e. exhausted remedy] Standard 95 as required under the FTCA.

7. The defendant United States is being sued directly for negligence, negligence per se, wrongful acts or ommission of any employee of the government while acting within the scope of his office or employment. Can be served at Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W. Washington D.C. 20530.

8. On or about November 11th, 2016, each of the aboved named plaintiff's and other not mentioned Federal Employees of USP. Lewisburg S.M.U. Program feed inmate a holiday meal which consisted of poultry products [i.e. Chicken, Turkey] that was spoiled and/or contaminated with "salmonella Bacterial Poising". Each of

the plaintiff's and other inmates not mentioned ingested the salmonella bacteria poison by the way of poultry products.

9. On or about 11/12/16 each of the above named plaintiff's and other inates not mentioned begin to suffer excruciating pain and symptons which included but were not limited to severe headache's diarrhea, abdominal pains, nausea, chills, vomitting, inability to eat, and profuse sweating.

10. Each of the above named plaintiff were not seen by medical staff here and was not given a cup of Gatorade and two asprin. But was still being fed meals from the contaminated kitchen which made the sickness [salmonella bacteria poisoning] re-enter the plaintiff's bodies after not being provided any medical attention.

11. The plaintiff's remained sick and disoriented during 11/12/16 thru and until 11/25/16. Neither of the plaintiff was requested to provide a stool sample [for culture testing] and/or blood test in order to be dianosied properly the illnesses.

## CLAIM I.
### SALMONELLA POISONING, STAFF NEGLIGENCE, AND DELIBERATE REFUSAL TO TREAT PLAINTIFF'S FOR SYMPTOMS

1-11. Paragraph's 1 thru 11 are re-alleged here as if fully set forth herein.

12. Under 18 U.S.C. §§ 4041, & 4042(a)(2) the Bureau of Prisons has a mandated duty to provide healthy and nutritious meals to all inmates here at USP Lewisburg.

13. On 11/12/16, thru 11/30/16, the BOP was in breach of it's mandated duties under the policies and regulations implemented by Congress when they served the plaintiff's and other inmates not mentioned, inadequate, spoiled and otherwise unhealthy food.

(4)

14. As a proximate result from their negligence each of the above mentioned and other unmentioned inmates received salmonella bacterial poisoning.

15. As a proximate result from this breach in mandated duties the plaintiff's inmate rights were violated.

    a. Plaintiff's have the right to expect that staff and/or other personal will treat the plaintiff's as a human being in a respectful, impartial and fair manner.

    b. Plaintiff's have the right to be informed and know the rules and procedure and/or schedules concerning the operation of this institution.

    c. Plaintiff's have the right to health care which includes nutritious meals. etc etc.

16. Paragraph 15(a) was breached when plaintiff's were denied adequate medical attention.

17. Paragraph 15(b) was breached when Warden failed to pass out memorandum's providing inmates with notices that the institution was suffering from a contaminated kitchen and that medical attention would be made available to all inmates suffering any symptoms.

18. Paragraph 15(c) was breached when the defendant's sevred inadequate, spoiled and otherwise unhealthy food from an unsanitary kitchen that was contaiminated and that that contamination made the plaintiff's continue to ingest salmonella poisoning. Plaintiff's never had stool sample's and/or bllod withdrawn to find out the seriousness of injury.

19. As a direct and proximate result of plaintiff's being infected with the samonella bacteria due to USP Lewisburg staff's negligence, the plaintiff suffered severe and extremely painful symptoms that included fever, vomitting, diarrhea, nausea, chills, and bone and muscle pain. Further each of the above mentioned syptoms inwhich plaintiff's suffered by being infected with "salmonella bacteria"

20. The actions, inactions, and omissions of USP Lewisburg staff on 11/11/16 thru 11/25/16, in preparing and serving food to the plaintiff's and others in the inmate population in whole, amounts to groos negligence, a failure to adequately train and the denial of plaintiff's mandatory rights as provided under 18 U.S.C. § 4042. Further the intentional denial of providing me with necessary medical treatment for my illness constitute, negligence, medical neglect.

21. The United States is responsible under the FTCA for the acts described herein based on the wrongful acts or omissions of federal employees acting within the scope of his/her employment when he/she is doing something to further the duties he/she owes to his/her employer and the conduct is the type that he/she was hired to do.

22. Pursuant to 28 U.S.C. § 2675(b) and 28 C.F.R. § 14.2, the undersigned plaintiff's is required to request a specific sum certain for the damages [he] sustanied, and therefore each of the above mentioned plaintiff's have requested specific damages and/or settlement with the agency responsibile (Bureau of Prison) for Salmonella Poisoning, Staff negligence, and deliberate refusal to treat plaintiff's for symptoms.

## DAMAGES SOUGHT

The plaintiff's seeks monetary damages for the above mentioned claims. For the amount feasible to this Honorable Court for the injuries that occurred.

## AFFIDAVIT IN SUPPORT

The above mentioned plaintiff's are competent to make this affidavit. For the facts stated in this civil [i.e. tort claim] action is within thier personal knowledge and are true and correct. The above listed plaintiff's also declare under the penalty of perjury under the laws

of the United States of America that the above claims are true and correct.

Executed on this Day of _____ September of 2017.

s/s/_____
        Jacob Holston #66601-051

/s/_____
        Javier Torres, #37592-051

/s/_____